**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| THEODORE O'BRIEN, | ) | No. CV 04-3897-ABC(CW) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING REPORT AND |
| | ) | RECOMMENDATION OF UNITED STATES |
| v. | ) | MAGISTRATE JUDGE |
| | ) | |
| MIKE KNOWLES (Warden), | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. The court has engaged in a <u>de novo</u> review of those portions of the Report and Recommendation to which objection has been made.[1] The court accepts the findings and recommendation of the

---

[1] Petitioner objects that the magistrate judge failed to consider his related arguments that <u>Boyd v. United States</u>, 142 U.S. 450, 2 S. Ct. 292, 35 L. Ed. 1077 (1892) constitutes established federal law to the effect that it violates the constitution to allow consideration of prior bad acts to prove criminal disposition, and that language in <u>Estelle v. McGuire</u>, 502 U.S. 62, 75 n.5, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime.") is mere dicta and does not establish the absence of such controlling federal authority. [<u>See</u> Objections, Docket no. 106 at 3-5.] This court is not at liberty, however, to disregard Ninth Circuit law squarely

Magistrate Judge. **IT IS THEREFORE ORDERED** that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 3/5/2012

                                                              *Audrey B. Collins*
                                            Audrey B. Collins
                                 Chief United States District Judge

---

holding that <u>Estelle</u> expressly reserved the point Petitioner claims is settled. <u>See</u> <u>Larson v. Palmateer</u>, 515 F.3d 1057, 1066 (9th Cir. 2008)(<u>citing</u> <u>Estelle v. McGuire</u>, 502 U.S. at 75 n.5)(holding that the U.S. Supreme Court "expressly reserved the question of whether using evidence of a petitioner's past crimes to show that he has a propensity for criminal activity could ever violate due process.") [<u>See</u> Report and Recommendation, Docket No. 103 at 13.]